[Cite as *State v. Padgett*, 2011-Ohio-6092.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

ROBERT E. PADGETT, JR.

    Appellant

C.A. Nos.    10CA0132-M
                 10CA0141-M
                 10CA0142-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE Nos.   10-CR-0023
               10-CR-0048
               10-CR-0075

DECISION AND JOURNAL ENTRY

Dated: November 28, 2011

CARR, Judge.

{¶1}    Appellant, Robert Padgett, Jr., appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2}    On January 13, 2010, Padgett was indicted in case number 10CR0023 on three counts of breaking and entering and three counts of vandalism, all felonies of the fifth degree. On February 10 and 24, 2010, Padgett was indicted in case number 10CR0048 on one count of theft of a credit card, a felony of the fifth degree; and one count of burglary, a felony of the second degree. On February 24, 2010, Padgett was indicted in case number 10CR0075 on three counts of burglary, felonies of the second degree; one count each of passing bad checks, theft, and breaking and entering, all felonies of the fifth degree. Padgett initially pleaded not guilty to all charges, but subsequently changed his plea to guilty to all charges. The trial court sentenced

him to an aggregate term of six years in prison, running most of his sentences concurrently. Padgett filed notices of appeal in all three cases above. This Court consolidated the appeals for purposes of briefing and disposition. Padgett raises one assignment of error for review.

II.

## ASSIGNMENT OF ERROR

"APPELLANT'S PLEA WAS INVOLUNTARY, UNKNOWING AND NOT INTELLIGENTLY DONE BECAUSE APPELLANT WAS NOT ADVISED BY COUNSEL AT PLEA HEARING THAT PLEA CONTAINED AGREED NEGOTIATED SENTENCE,[] NEGOTIATED PLEA WAS NOT PLACED ON RECORD PRIOR TO PLEA, AND THUS COURT'S RULE 11 PLEA WAS THUS CONSTITUTIONALLY INFIRM AND DID NOT COMPLY WITH RULE 11 F REQUIREMENTS. (sic)

{¶3} Padgett argues that the trial court erred by accepting his plea which was not knowingly, voluntarily, and intelligently entered. This Court disagrees.

{¶4} As a preliminary matter, Padgett argues in part regarding his plea entered in case number 09CR0449. However, he failed to file a notice of appeal in regard to that matter. Accordingly, this Court declines to consider his arguments in regard to that case. Moreover, while he has appealed in regard to case number 10CR0023, Padgett fails to address that case in his appellate brief. Accordingly, this Court affirms the trial court's judgment in relation to appellate case number 10CA0142-M.

{¶5} The crux of Padgett's argument is that he did not enter his guilty plea knowingly, voluntarily, and intelligently because the record does not reflect that the parties had negotiated a plea and recommended sentence. Padgett misconstrues the record.

{¶6} At the change of plea hearing on April 7, 2010, the trial court called the cases and asserted, "I understand there's going to be a change of plea in these cases and a recommended sentence." The court inquired whether there would be any amendments to the indictments and

the State asserted that there would not. The assistant prosecutor further asserted that the parties "do have an agreed six-year prison sentence we would recommend to the Court, and we would ask you to impose it." During the plea colloquy, the trial court explained the maximum possible sentence for each charged offense. Long before inquiring how Padgett wished to plead, the trial court further informed him: "There has been an agreed recommended sentence of six years that your attorney and the State of Ohio have asked me to impose. It's not mandatory that I impose that sentence. I can impose up to thirty-five years in prison." The trial court then asked whether Padgett had any questions, and he responded that he did not.

{¶7} Crim.R. 11(F) requires that, in the case of a negotiated plea in a felony case, "the underlying agreement upon which the plea is based shall be stated on the record in open court." The record is clear that the trial court recited the underlying agreement in open court. Padgett's argument is premised on a misreading and miscomprehension of the record. The sole assignment of error is overruled.

### III.

{¶8} Padgett's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.